UNITED STATES DISTRICT COURT

THE DISTRICT OF OREGON

GERALD RAY BAIRD,

        Petitioner,

        v.

SHARON BLACKLETTER,

        Respondent.

Civil No. 04-1202-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. For the following reasons, the petition [2] is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

    Petitioner was convicted in 1987 of Robbery in the First Degree and sentenced to twenty years in prison, with a five year minimum sentence. The Oregon Board of Parole and Post-Prison Supervision (the Board) established an early release date in March 1992, after petitioner

1 - OPINION AND ORDER

had served fifty-six months.

Parole was revoked five times between March 1995 and June 1999 for absconding or for technical violations. In July 1999 petitioner escaped from jail while serving a ninety-day sanction. He was apprehended in February 2000 and his parole was revoked in March 2000 following a hearing. The Board ordered a future disposition hearing, at which it found aggravation and set the re-release date to March 2005.

Petitioner sought administrative review of the revocation and future disposition hearing orders, but relief was denied. Petitioner then filed for judicial review. The Oregon Court of Appeals granted the Board's Motion to Dismiss and the Oregon Supreme Court denied review.

In July 2000 petitioner was convicted of Escape in the Second Degree and sentenced to twenty-two months. The Department of Corrections (DOC) recommended against restoring the pre-parole good time credits. On July 27, 2001 the Board agreed and denied restoration of those credits without a hearing, pursuant to an administrative file pass. Petitioner sought administrative review of this decision. The Board ruled that it had discretion regarding whether to restore pre-parole good time credits and denied relief.

Petitioner then sought judicial review. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Petitioner was released on parole in March 2005. Petitioner now seeks equitable relief from this court, such as an alteration of the duration or conditions of his parole.

## ANALYSIS

In his original Petition, petitioner challenged the actions of the Board on three grounds: (1) the Board had no authority to return him to prison; (2) the Board erred by denying restoration

of his pre-parole good-time credit; (3) he was aggrieved when the Board declined to reopen his case after petitioner had presented substantial questions of law.

Petitioner failed to argue or offer support for the first and third allegations. This court has reviewed the claims and finds them to be without merit. These claims are dismissed.

As to the second ground for relief, petitioner asserts that he was deprived of a liberty interest in his good time credits without a hearing, in violation of his constitutional rights and the Board's own rules. Petitioner argues that the Board caused him an adverse result, *to wit*, the loss of his good time credits, and that under OAR 255-080-0012 the Board must provide a hearing when Board review would cause an adverse result to the prisoner.

Respondent argues that petitioner's claims are without merit and that this court should apply a deferential standard of review to the state court's decision. This court concludes that a *de novo* review is appropriate.

A federal court analyzing a habeas petition by a state prisoner grants considerable deference to state court decisions. *See* 28 U.S.C. § 2254(d). The federal court should not grant the petition unless the state court decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Moreover, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting this presumption by clear and convincing evidence. *Id.*

When a state court adjudicates the merits of petitioner's federal claim but fails to provide a reason for its decision, a federal court's review is *de novo*. *See Greene v. Lampert*, 288 F.3d

1081, 1089 (9th Cir. 2002). While a state court's decision on the merits concerning a question of law is entitled to deference, if there is no such decision on the merits, there is nothing to which a federal court may defer. *Id.* Petitioner argued below that the Board's denial, without a hearing, of his pre-parole good time credit violated his federal due process rights. The Oregon Court of Appeals and the Oregon Supreme Court rejected this argument without comment. Accordingly, this court must review the record *de novo*.

      Under Oregon law, pre-parole credits are forfeited unless the Board authorizes their restoration upon recommendation of the DOC. O.R.S. 421.120(5). Here, the DOC recommended that petitioner's credits not be restored. The Board could not restore petitioner's credits because Oregon law requires a positive recommendation by the DOC. *Id*. Accordingly, petitioner did not have a federally protected liberty interest in a Board hearing on the issue of his pre-parole credits.

      Moreover, the rule relied upon by petitioner as creating his alleged federally protected liberty interest does not meet the standards established by the Supreme Court for a state law to create a federally protected liberty interest. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 462-63 (1989) (to create a federally protected liberty interest, the state must use explicit mandatory language with substantive predicates limiting discretion); *see also Dix v. County of Shasta*, 963 F.2d 1296, 1299 (9th Cir. 1992) (to create a federally protected liberty interest, a state law must provide more than procedure, it must "protect some substantive end" and the state "must employ explicitly mandatory language specifying the outcome that *must* be reached upon a finding that the substantive predicates have been met") (emphasis in original) (citations omitted). The rule relied upon by petitioner authorizes the Board to conduct a review by (1)

4 - OPINION AND ORDER

administrative file pass; (2) other administrative action; or (3) administrative hearing, in cases where review would cause an adverse result for the prisoner. OAR 255-080-0012(3). This rule establishes the discretion of the Board and does not contain "substantive predicates" limiting that discretion or mandatory language specifying the outcome required if those substantive predicates are met. *Dix*, 963 F.2d at 1299. This rule provides merely procedure, and therefore fails to create a federally protected liberty interest. *Id*.

After reviewing the record *de novo*, this court concludes that petitioner's due process rights were not violated by the Board's decision, without a hearing, to deny restoration of petitioner's pre-parole good time credits.

**CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus [2] is DENIED.

IT IS SO ORDERED.

DATED this __29__ day of August 2006.

 __/s/Ancer L.Haggerty_____
 ANCER L. HAGGERTY
 United States District Judge